# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:25−cr−00381−FB All Defendants

Case title: USA v. Stryzhak                                    Date Filed: 12/09/2025

Assigned to: Judge Frederic Block

**Defendant (1)**

**Artem Aleksandrovych Stryzhak**          represented by   **Anna Nicole Sideris**
Quijano, Ennis & Sideris
52 Duane Street
7th Floor
New York, NY 10007
646−472−9405
Email: annasideris@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Kestine Thiele**
The Law Firm of Kestine M. Thiele
305 Broadway
Suite 700
New York, NY 10007
212−542−3860
Email: kestine@kthielelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Nancy Lee Ennis**
Quijano Ennis & Sideris
52 Duane Street
Ste 7th Floor
New York, NY 10007
212−686−0666
Email: nancy@qandelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**                                    **Disposition**

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED
STATES
(1)

18:1030B.F COMPUTER FRAUD
(2)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **USA** | represented by | **Alexander Mindlin** |
| --- | --- | --- |

U.S. Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718–254–6433
Fax: 718–254–6076
Email: alexander.mindlin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Brian Z. Mund**
DOJ–Crm
Criminal Division, CCIPS
10th & Constitution Ave., NW
Criminal Division, (Computer Crime &
Intellectual Property S
John C. Keeney Building, Suite 600
Washington D.C., DC 20530
202–598–6205
Email: brian.mund@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Ellen Hanley Sise**
DOJ–USAO
U.S. Attorney's Office, Eastern District of
New York

271 Cadman Plaza East
Brooklyn, NY 11201
718–254–6166
Email: ellen.sise@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2025 | 1 | CONSENT TO TRANSFER JURISDICTION (Rule 20) from Middle District of Florida by Artem Aleksandrovych Stryzhak. (Attachments: # 1 Indictment) (AM) (Additional attachment(s) added on 12/9/2025: # 2 MDFL Docket sheet) (AM). (Entered: 12/09/2025) |
| 12/09/2025 | 2 | Notice of Related Case Pursuant to Local Civil Rule 1.6, Local Criminal Rule 1.1, and Division of Business Rule 4, the government hereby notifies the Court that the newly filed/transferred case United States v. Artem Aleksandrovych tryzhak is related to United States v. Artem Aleksandrovych Stryzhak,23–CR–324 (PKC). (AM) (Entered: 12/09/2025) |

**U.S. Department of Justice**

# 1:25-cr-00381(FB)(JAM)

Rule 20 -- Transfer Notice

| To: <br> United States Attorney | District <br> Middle District of Florida | Date |
|---|---|---|
| Name of Subject: <br> Artem Aleksandrovych Stryzhak | Statute Violated <br> 18 U.S.C. § 371 | File Data *(Initials and Number)* |

## Part A -- District of Arrest

☐ The above-named subject has been apprehended in this jurisdiction and indicates amenability to Rule 20 disposition of the changes pending against him in your court. Kindly indicate whether you are agreeable to Rule 20 disposition and forward two certified copies of indictment or information if any.

☐ Enclosed is a certified copy of waiver of indictment by defendant. Kindly file criminal information and forward two certified copies thereof.

☑ Enclosed is Consent to Transfer form executed in duplicate (one copy for your files) by defendant and the United States Attorney in the district of arrest. Kindly add your consent and have the Clerk of your district transmit the papers in the proceeding or certified copies thereof to the Clerk of the Court in this district in accordance with the Rule Docket No.

☐ Other *(Specify)*:

☐ The above-named defendant entered a plea of guilty under Rule 20.

**Date of Plea**     **Date of Sentence**     **Sentence**

**\*\*FILED\*\***

*3:44 pm, Dec 09, 2025*

**U.S. DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| From *(Signature and Title)* | Address <br> United States Attorney Joseph Nocella, Jr. <br> U.S. Attorney's Office - Eastern District of New York |
|---|---|

## Part B -- District of Offense

☑ I am agreeable to Rule 20 disposition.

☐ I am not agreeable to Rule 20 disposition. Defendant's appearance is desired at

on            at            o'clock

*(Kindly notify me of any anticipated delay)*

☐ Enclosed are two certified copies of indictment or information            Docket No.

☐ Please have defendant execute waiver of indictment.

☐ Other *(Specify)*:

| Signature *(Name and Title)* <br> for USA Kehoe | District <br> Middle District of Florida | Date <br> 11/18/25 |
|---|---|---|

See United States Attorneys Manual 9-14.000 for an explaination of procedures under Rules 7 & 20, Federal Rules of Criminal Procedure.

**Replaces OBD-101, Fed. 83 edition may be used**

FORM USA-231
NOV. 85

USA-153Consent to Transfer of Case for Plea and Sentence (Under Rule 20)

In the United States District Court

for the Middle District _____    DISTRICT OF    Florida _____

UNITED STATESOF AMERICA
V.

}

CRIMINAL NUMBER:

Artem Aleksandrovych Stryzhak

6:24-CR-171-CEM-LHP

Consent to Transfer of Case for Plea
and Sentence
*(Under Rule 20)*

I, Artem Aleksandrovych Stryzhak ____, defendant, have been informed that an (*indictment, information, complaint*) is pending against me in the above designated cause. I wish to plead guilty _____ to the offense charged, to consent to the disposition of the case in the Eastern _____ District of New York _____ in which I, am held _____ , (am under arrest, am held) and to waive trial in the above captioned District.

Dated: Dec 8 2025 at _____

_____
(Defendant)

_____ (Russian interpreter)
(Witness)

_____
(Counsel for Defendants)

_____ Ellen H. Sise
(Assistant United States Attorney)

Approved

_____
United States Attorney for the
Eastern _____ District of

New York _____

_____
United States Attorney for the
Middle _____ District of

Florida _____

SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

ARTEM ALEKSANDROVYCH STRYZHAK

CASE NO. 6:24-cr- 171-CEM-LHP
18 U.S.C. § 371
18 U.S.C. § 1030(a)(7)(B)

## INDICTMENT

**1:25-cr-00381(FB)(JAM)**

The Grand Jury charges:

**\*\*FILED\*\***

### A. <u>Background</u>

*3:43 pm, Dec 09, 2025*

At times material to this Indictment:

**U.S. DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

1.      **ARTEM ALEKSANDROVYCH STRYZHAK**, and other persons known and unknown to the Grand Jury, conspired to attack hospitals, schools, nonprofit organizations, businesses, and government entities in the United States and around the world using malicious software known as "Hive ransomware."

2.      In furtherance of the scheme, the conspirators hacked into victims' computer networks and copied the victims' data to the conspirators' own computers. The conspirators then encrypted the victims' data, which prevented the victims from accessing their own files. The conspirators typically then demanded a ransom, in return for which the conspirators would restore the victims' access to their files and agree not to publicly disclose the hack or release the victims' stolen data to the internet.

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: *Autumn Sandoval* DEPUTY CLERK
PRINT NAME *Autumn Sandoval*

3.    Hive ransomware operated as a ransomware-as-a-service or "RaaS," wherein conspirators had different roles in the conspiracy, including: (1) administrators or developers who designed the ransomware code itself and maintained the infrastructure, such as servers, on which Hive operated; and (2) affiliates who deployed the ransomware product designed by the administrators or developers.  Depending on the circumstances, either negotiated with victims.

4.    **ARTEM ALEKSANDROVYCH STRYZHAK** was a Hive affiliate. In that role, he targeted and deployed Hive ransomware to, and stole data from, victims' computer networks to extort them.  During the time that he acted as a Hive affiliate, **STRYZHAK** resided outside of the United States and used multiple online accounts with a common username or moniker.

5.    Hive conspirators claimed to have launched ransomware attacks on the computer networks of approximately 1,500 victims worldwide between in or around June 2021 and January 2023, including many in the United States.  Victims of Hive ransomware attacks in the United States included, among others:

a. Victim 1: a business located in the Middle District of Florida;

b. Victim 2: a hospital located in the Southern District of Ohio;

c. Victim 3: a business located in the Middle District of Florida;

d. Victim 4: a business located in the Middle District of Florida;

e. Victim 5: a law firm located in the District of Maryland;

f. Victim 6: a business located in the Middle District of Florida; and

g. Victim 7: a healthcare provider located in the Northern District of California.

## B. Relevant Terms

6.    A "network" was a group of two or more computers linked together.

7.    A "server" was a type of computer or device on a network that managed network resources and provided services for the other computers connected to it via a network or the internet.  Servers could be located thousands of miles from other computers on the network.

8.    "Encryption" was the translation of data into a secret code.  In order to access encrypted data, a user needed access to a password, commonly referred to as a "decryption key" or "decryptor," that enabled the user to decrypt the data.

9.    "Malware" was a malicious software program designed to disrupt computer operations, gather sensitive information, gain access to private computer systems and take other unauthorized action on a computer system.

10.    "Ransomware" was a type of malware that infected a victim's computer or network and encrypted some or all of the data stored there.  Ransomware

perpetrators typically extorted the victim by demanding that the victim pay a ransom, often in cryptocurrency, to decrypt and recover the encrypted data. Ransomware perpetrators also extorted the victim by threatening to publish and/or distribute the stolen data if the victim refused to pay the ransom.

11.    "Cryptocurrencies," such as Bitcoin, were electronically sourced units of value that existed on the internet.  Cryptocurrencies were generated and tracked through computer software in a peer-to-peer network, rather than issued from a government or other entity.  Users of cryptocurrencies sent units of value to and from "addresses," which were unique strings of numbers and letters that functioned like a public account number.  Cryptocurrency transactions were recorded on a publicly available, distributed ledger, often referred to as a "blockchain."  Cryptocurrency transactions generally did not disclose information about the participating parties, as transactions usually required only the addresses and the online usernames of the parties.

12.    "Tor" was a computer network designed to facilitate anonymous communication over the internet.  Typically, user activities on the internet could be attributed to the user via Internet Protocol ("IP") addresses assigned by an internet service provider.  The Tor network routed a user's communications through a globally distributed network of relay computers or proxies ("Tor network"), which typically prevented identification of users by IP address.

## COUNT ONE
### (Conspiracy to Commit Fraud, Extortion, and
### Related Activity in Connection with Computers)

13.    Paragraphs 1 through 12 of this Indictment are restated and realleged as if fully set forth herein.

14.    From at least in or about June 2021, through at least in or about January 2023, in the Middle District of Florida, and elsewhere, the defendant,

**ARTEM ALEKSANDROVYCH STRYZHAK,**

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire, confederate, and agree to commit offenses against the United States, that is:

a.    to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally cause damage without authorization to a protected computer, and cause loss to one or more persons during any 1-year period aggregating at least $5,000 in value, and cause damage affecting 10 or more protected computers during any 1-year period, in violation of 18 U.S.C. § 1030(a)(5)(A) and 1030(c)(4)(B); and

b.    with intent to extort from any person any money or other thing of value, transmit in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization and a demand and request for money or other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion, in violation of 18 U.S.C. § 1030(a)(7)(B), (a)(7)(C), and 1030(c)(3)(A).

## A. Objects of the Conspiracy

15.    The purpose of the conspiracy was for the defendant, **ARTEM ALEKSANDROVYCH STRYZHAK**, and his co-conspirators (hereinafter "Hive conspirators") to enrich themselves by:

     a.    developing Hive ransomware;

     b.    accessing victims' networks or computers;

     c.    stealing victims' data;

     d.    installing and executing Hive ransomware on victims' computers, resulting in the encryption of the data on those computers;

     e.    extorting victims by demanding a cryptocurrency ransom in exchange for:

        (i)    a decryption key for the encrypted data;

        (ii)    a promise not to publicize the breach of victims' networks or computers on a Tor website operated by Hive conspirators; and

        (iii)    a promise not to publicly release victims' stolen data on the same Tor website; and

     f.    collecting ransom payments from victims and dividing those payments among the Hive conspirators.

## B. <u>Manner and Means of the Conspiracy</u>

16.     The manner and means used to accomplish the conspiracy's objectives included the following:

a.     It was part of the conspiracy that Hive conspirators would and did develop Hive ransomware, which development was completed by no later than in or around June 2021.  After that time, the Hive conspirators released updated versions of the Hive ransomware.

b.     It was further a part of the conspiracy that Hive conspirators would and did gain access to the victims' networks or computers, steal victim data, and deploy Hive ransomware.

c.     It was further a part of the conspiracy that, as part of the deployment of Hive ransomware, Hive conspirators would and did encrypt the victims' files and leave a ransom note on the victims' computers, for example in the form of a text file.  Typically, the ransom note included instructions for how to contact the Hive ransomware group and a demand for payment in order to obtain decryption software or keys to decrypt victims' data and refrain from publicly disclosing victims' stolen exfiltrated data.

d.     It was further a part of the conspiracy that, through the Hive platform hosted on Tor, Hive conspirators would and did record and track information about Hive ransomware victims, negotiate with victims, and often provide victims with a cryptocurrency address for the payment of the demanded ransom.

e.    It was further a part of the conspiracy that if victims did not engage in ransom negotiations or pay a ransom, Hive conspirators would and did publish portions of the victims' data to a publicly accessible Tor website.

f.    It was further a part of the conspiracy that victims who paid the ransom would and did receive a decryption key and their stolen files were not published.

## C. Overt Acts

17.    In furtherance of the conspiracy, and to achieve the goals and objectives of the conspiracy, Hive conspirators committed and caused to be committed the following overt acts, among others, in the Middle District of Florida, and elsewhere:

a.    No later than on or about June 23, 2021, STRYZHAK agreed to work as an affiliate of the Hive ransomware group and was given access to the Hive ransomware platform by a Hive conspirator.  STRYZHAK later used his access to the Hive ransomware panel to record and conduct ransomware attacks against approximately seven victims, including Victim 5, Victim 6, and Victim 7 within the United States.

b.    On or about June 23, 2021, STRYZHAK used the Hive ransomware platform to record information about Victim 5, a law firm in the District of Maryland, including information about the company's size, estimated revenue, and website.

c.    On or about June 24, 2021, STRYZHAK and other Hive conspirators deployed ransomware against Victim 5 and encrypted its network.

d.    On or about July 11, 2021, Hive conspirators deployed ransomware against Victim 1, a business in the Middle District of Florida, and encrypted its network.

e.    On or about July 30, 2021, STRYZHAK sent an email to Victim 6, a business located in the Middle District of Florida, stating that their servers had been hacked and encrypted and demanding a ransom payment.

f.    On or about August 15, 2021, Hive conspirators deployed ransomware against Victim 2, a hospital located in Ohio.  Hive conspirators initially demanded approximately $2,000,000 in Bitcoin from Victim 2.  Victim 2 ultimately paid a ransom of approximately $1,700,000 in Bitcoin to Hive conspirators in exchange for a decryption key.

g.    On or about October 16, 2022, Hive conspirators deployed ransomware against Victim 3, a business located in the Middle District of Florida. Victim 3 found a Hive ransom note on its network. On or about October 31, 2022, Victim 3 paid a ransom of approximately $300,000 in Bitcoin.

h.    On or about December 5, 2022, Hive conspirators deployed ransomware against Victim 7, a healthcare provider located in the Northern District of California.

i.    On or about December 26, 2022, Hive conspirators deployed ransomware against Victim 4, a business located in the Middle District of Florida. Hive conspirators initially demanded a ransom of approximately $3,000,000 in

Bitcoin. Victim 4 did not pay the ransom. Hive conspirators published the data they stole from Victim 4 on a Tor website operated by Hive conspirators.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Extortion Involving a Protected Computer)

18. Paragraphs 1 through 12 of this Indictment are restated and realleged as if fully set forth herein.

19. Beginning on or about July 30, 2021, and continuing through on or about August 19, 2021, in the Middle District of Florida, and elsewhere, the defendant,

**ARTEM ALEKSANDROVYCH STRYZHAK,**

with the intent to extort from any person and entity, namely Victim 6, any money or other thing of value, transmitted and attempted to transmit in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization.

In violation of 18 U.S.C. §§ 1030(a)(7)(B), 1030(c)(3)(A), and 2.

## FORFEITURE

20. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i).

21. Upon conviction of a violation of 18 U.S.C. § 1030, or of a conspiracy to violate 18 U.S.C. § 1030, in violation of 18 U.S.C. § 371, the defendant shall

forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and, pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit or to facilitate the commission of such violation.

22.     If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1030(i)(2).

A TRUE BILL,

_____
Foreperson

NICOLE ARGENTIERI
Principal Deputy Assistant Attorney General
Criminal Division

By: _____
Christen Gallagher
Trial Attorney

By: _____
Alison Zitron
Trial Attorney

ROGER B. HANDBERG
United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney

By: _____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

## THE UNITED STATES OF AMERICA

vs.

## ARTEM ALEKSANDROVYCH STRYZHAK

## INDICTMENT

Violation:    18 U.S.C. § 371
              18 U.S.C. § 1030(a)(7)(B)

A true bill,

_____
Foreperson

Filed in open court this 26th day of June, 2024.

_____
Clerk

Bail    $_____

**Query**     **Reports**     **Utilities**     **Help**     **What's New**     Log Out

# U.S. District Court
## Middle District of Florida (Orlando)
## CRIMINAL DOCKET FOR CASE #: 6:24-cr-00171-CEM-LHP-1

Case title: USA v. Stryzhak             Date Filed: 06/26/2024

Assigned to: Judge Carlos E. Mendoza
Referred to: Magistrate Judge Leslie Hoffman Price

**Defendant (1)**

**Artem Aleksandrovych Stryzhak**

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (1) | |
| 18:1030B.F COMPUTER FRAUD (2) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

USCA2 19

**Query**    **Reports**    **Utilities**    **Help**    **What's New**    Log Out

None

---

**Plaintiff**

**USA**                                    represented by    **Chauncey Arthur Bratt**
US Attorney's Office - FLM*
Suite 3100
400 W Washington St
Orlando, FL 32801
407/648-7506
Fax: 407/648-7643
Email: chauncey.bratt@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2024 | 1 | INDICTMENT returned in open court as to Artem Aleksandrovych Stryzhak (1) count(s) 1, 2. (Attachments: # 1 Restricted Unredacted Indictment) (JOS) (Entered: 12/08/2025) |
| 06/26/2024 | 2 | MOTION to Seal Indictment and Related Documents by USA as to Artem Aleksandrovych Stryzhak. (JOS) (Entered: 12/08/2025) |
| 06/26/2024 | 3 | **ORDER granting 2 Motion to Seal Indictment and Related Documents as to Artem Aleksandrovych Stryzhak (1). Signed by Magistrate Judge Leslie Hoffman Price on 06/26/2024. (JOS)** (Entered: 12/08/2025) |
| 07/15/2024 | 6 | AFFIDAVIT of Chauncey Arthur Bratt by USA as to Artem Aleksandrovych Stryzhak. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(JOS) (Entered: 12/08/2025) |
| 06/06/2025 | 7 | MOTION for Leave to File Under Seal Motion for Limited Unsealing of Indictment by USA as to Artem Aleksandrovych Stryzhak. (JOS) (Entered: 12/08/2025) |
| 06/09/2025 | 8 | **ORDER granting 7 Motion for Leave to File Under Seal Motion for Limited Unsealing of Indictment as to Artem Aleksandrovych Stryzhak (1). Signed by Magistrate Judge Leslie Hoffman Price on 06/09/2025. (JOS)** (Entered: 12/08/2025) |
| 06/09/2025 | 9 | MOTION for Limited Unsealing of Indictment by USA as to Artem Aleksandrovych Stryzhak. (JOS) (Entered: 12/08/2025) |

USCA2 20

| 12/08/2025 | 11 | MOTION for Unsealing of Indictment by USA as to Artem Aleksandrovych Stryzhak. (JOS) (Entered: 12/08/2025) |
| 12/08/2025 | 12 | **ORDER granting 11 Motion for Unsealing of Indictment as to Artem Aleksandrovych Stryzhak (1). Signed by Magistrate Judge Leslie Hoffman Price on 12/8/2025. (JOS)** (Entered: 12/08/2025) |



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EHS
F. #2019R00476

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 9, 2025

**FILED**

*3:44 pm, Dec 09, 2025*

U.S. DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**1:25-cr-00381(FB)(JAM)**

Re:   *United States v. Artem Aleksandrovych Stryzhak*
Criminal Docket No. 23-324 (PKC)

*United States v. Artem Aleksandrovych Stryzhak*
Criminal Docket No. t*o be assigned*

Dear Judge Chen and Clerk of the Court:

Pursuant to Local Civil Rule 1.6, Local Criminal Rule 1.1, and Division of Business Rule 4, the government hereby notifies the Court that the newly filed/transferred case *United States v. Artem Aleksandrovych Stryzhak* is related to *United States v. Artem Aleksandrovych Stryzhak*, 23-CR-324 (PKC).  The new case is being transferred from the Middle District of Florida to the Eastern District of New York for plea and sentencing under Rule 20 of the Federal Rules of Criminal Procedure.  *See United States v. Artem Aleksandrovych Stryzhak*, 6:24-CR-171 (CEM) (LHP), M.D.F.L.

Local Civil Rule 1.6, which is applied to criminal cases by Local Criminal Rule 1.1, incorporates by reference the Rules for the Division of Business.  Division of Business Rule 4 provides for a "presumption that one criminal case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case."  Division of Business Rule 4(c) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be related to another pursuant to Rule 4(b)."

This letter constitutes the notice directed by Division of Business Rule 4(c) and sets forth why relation of the newly transferred *Stryzhak* to the case before Judge Chen would be

appropriate.  The cases are presumptively related because they arise out of the same criminal schemes, transactions, and events.  In both the Eastern District of New York case and the Middle District of Florida case, the defendant is charged with conspiring to commit fraud in connection with computers, specifically ransomware.  Ransomware is malicious software used by cybercriminals to extort victims by encrypting their computer networks and then demanding payment of a ransom in return for decryption keys.  Ransomware analysts typically distinguish between different "strains," or varieties, of ransomware.  Each district's case involves a different stain or variant of ransomware but similar criminal conspiracies.  The defendant wishes to enter into a plea agreement with the government which contemplates that the defendant will plead guilty as to the cases in both districts.  A copy of the M.D.F.L. indictment and Rule 20 paperwork is enclosed.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     s/
Ellen H. Sise
Assistant U.S. Attorney
(718) 254-6166

2

USCA2 23